UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edmund D. Cokley, | ) C/A No. 9:12-2261-MGL-BM |
|                       Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| State of South Carolina; South Carolina Department Corrections; Wanda Pugh; Moica Waltas; AW Linda J. Braidshaw; Turbeville Correctional Institutions; Katherine Thompson; Deloris Glymph; Turbeville Correctional Institution; Edgge Byines; and Wandon G. Knowiling, | ) |
|                       Defendants. | ) |

Plaintiff, Edmund D. Cokley, is a state prisoner in the Turbeville Correctional Institution ("TCI"), part of the South Carolina Department of Corrections ("SCDC"), and located in Turbeville, South Carolina. Proceeding *pro se* and *in forma pauperis*, Plaintiff brings this action under 42 U.S.C. § 1983, seeking monetary damages and release from confinement.[1]

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).



(4th Cir. 1978). Section § 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989). Further, although this court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980) (per curiam), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## BACKGROUND

On August 9, 2012, Plaintiff filed a letter addressed to the Court in which he complained that the TCI and SCDC classification offices had informed him that his max-out date for his sentence is October 30, 2014. Plaintiff alleged that his correct max-out date was August 5, 2012, based on his YOA sentence. Plaintiff alleged that he had obtained a copy of his actual sentencing paperwork from the Marion County Clerk of Court, which proved that he was sentenced to serve a YOA sentence of not more than five years on an unspecified conviction, and that he was also sentenced to serve one year on another unspecified conviction, which sentence was ordered to be served concurrently with Plaintiff's YOA sentence. Plaintiff also alleged that the judge gave him



credit for the year that Plaintiff spent in the Marion County jail awaiting the disposition of these charges, and claimed that he was being held unlawfully and that he wanted to sue the South Carolina Department Corrections, Wanda Pugh, Moica Waltas, AW Linda J. Braidshaw, and the Turbeville Correctional Institutions. *See* ECF No. 1, p. 1-2.

Plaintiff's letter did not specifically ask for any injunctive relief or monetary damages. Plaintiff also did not pay the filing fee or submit a Motion for Leave to Proceed *in forma pauperis* with his letter, and did not submit any proposed service documents. Accordingly, the Court issued a Proper Form Order, dated August 20, 2012 (ECF No. 7), ordering Plaintiff to bring the case into proper form to be evaluated for possible service of process by: (1) paying the filing fee or submitting a Motion for Leave to Proceed *in forma pauperis*; (2) completing, signing, and returning a Financial Certificate, if Plaintiff chose to submit a Motion for Leave to Proceed *in forma pauperis*; (3) submitting properly completed and signed proposed service documents for all six named Defendants; and (4) completing, signing and returning a state prisoner complaint form, briefly stating the facts of Plaintiff's claim against Defendants in the "statement of claims" section, and stating what relief Plaintiff sought. The Proper Form Order (ECF No. 7) provided that the complaint form which Plaintiff was requested to submit would be filed as an attachment to Plaintiff's letter (ECF No. 1) , in order to preserve issues raised in this case and give liberal construction to the pleadings. Plaintiff was directed to comply with the Order by September 13, 2012. *See* ECF No. 7.

On September 27, 2012, Plaintiff brought the case into proper form by submitting the required documents. Plaintiff's state prisoner complaint form was attached to Plaintiff's letter to form one document, designated as the Complaint in this case (ECF No. 1). On his state prisoner complaint form, Plaintiff named additional Defendants, *i.e.* Katherine Thompson, Deloris Glymph,

3



Turbeville Correctional Institution, Edgge Byines, and Wandon G. Knowiling. *See* ECF No. 1-2, p. 1-2. Plaintiff alleges that Defendants failed to give him proper credit for jail time served prior to his state court sentencing in violation of S.C. Code § 24-13-40, and that the Defendants have miscalculated his "max-out date" for the indeterminate prison sentence imposed upon him by the Marion County General Sessions Court on August 5, 2008, under South Carolina's Youthful Offender Act ("YOA"), which was not to exceed five years. Plaintiff also alleges that the Defendants have unlawfully modified his sentence by lengthening it to an indeterminate YOA sentence of 1-6 years of imprisonment, that his correct max-out date was August 5, 2012, and that the Defendants have told him that his max-out date is October 30, 2014, meaning that he is currently being held in prison illegally, which amounts to Defendants' kidnapping of the Plaintiff. With respect to the relief that Plaintiff is seeking, he alleges:

> I wont each one to pay me a[nd] I wont the SCDC to pay me for every day I stay heer unlawfully a[nd] being hold elegally now also to pay emotally distress in I wont each one to pay me $3500 a peace then pay me $2500 every day I set here SCDC  I wont them to pay me $899000 for kidnapping me holding me unlawfully illeglley pass my max out date and for me goin threw this emotally distress I wont them to pay me $85000 then a peace I wont them to pay $15000 Thats the end of that and I wont them to releases me

ECF No. 1-2, p. 5.

## DISCUSSION

First, insofar as Plaintiff seeks his unconditional release from the SCDC's custody at TCI, such relief cannot be granted in this § 1983 action. The United States Supreme Court held in *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), that when "the relief [a prisoner] seeks is a determination that he is entitled to immediate release or a speedier release from [custody], his sole federal remedy is a writ of habeas corpus." In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme

4



Court reiterated that release from custody is not a remedy available under 42 U.S.C. § 1983. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. Recently, in *Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008), the United States Fourth Circuit Court of Appeals affirmed the continued authority of *Preiser* and *Heck* as a bar which precludes a current prisoner, who could otherwise bring a habeas action, from seeking habeas-type relief in a § 1983 action:

> In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), a group of state prisoners filed a § 1983 action alleging that the New York State Department of Correctional Services' denial of good-time credits violated their constitutional right to due process. The prisoners sought an injunction to force the prison to restore the credits, a remedy which would have reduced the prisoners' sentences. Despite the "literal applicability" of § 1983, the Supreme Court affirmed the district court's dismissal of the claim because the prisoners' "challenge is just as close to the core of habeas corpus as an attack on the prisoner's conviction, for it goes directly to the constitutionality of his physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration." *Id*. at 489. Because the plaintiffs "sought no [monetary] damages, but only equitable relief-restoration of their good-time credits," *id*. at 494, the Supreme Court expressly limited its holding to the equitable relief sought by the prisoners.

*Wilson*, 535 F.3d at 264.

When a former prisoner challenges the validity of his past confinement, and due to his unconditional release "would be left without any access to federal court if his § 1983 claim was barred[,]" the Fourth Circuit has allowed the former prisoner's § 1983 claim to proceed. *See Wilson*, 535 F.3d at 268. Here, however, because Plaintiff remains in custody at TCI, and able to access the federal courts to bring a habeas challenge pursuant to § 2254 or § 2241, Plaintiff's claim for equitable relief is not cognizable in this § 1983 action and should be summarily dismissed. A state prisoner's sole federal remedies for challenging the constitutional validity of his or her custody are

5



a petition for writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a petition for writ of habeas corpus under 28 U.S.C. § 2241,[2] either of which can be sought only after a petitioner has exhausted state court remedies with regard to the conviction and sentence. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241).[3]  For a § 2254 petitioner, the exhaustion requirement is statutory, pursuant to § 2244(d). Despite the absence of an exhaustion requirement in the statutory language of § 2241(c)(3), a body of case law has developed holding that, while § 2241 establishes jurisdiction in the federal courts to consider habeas corpus petitions, a petitioner must exhaust his state remedies before filing a federal habeas petition, and federal courts should abstain from the exercise of that jurisdiction if the issues raised in a § 2241 petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner in an administrative proceeding, at trial, or on appeal. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973).

---

[2]"Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Clemmons v. South Carolina*, C/A No. 0:08-607-RBH, 2008 U.S. Dist. LEXIS 55319, 2008 WL 2845636, *1 (D.S.C. July 18, 2008).

[3]Circuit courts are split on whether § 2254 or § 2241 is the proper statute under which a state inmate should proceed when challenging the manner of execution of a state sentence. The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying conviction. *See White v Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010). *But see Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (approving of inmates proceeding under § 2241 to challenge execution of state court sentence). The Fourth Circuit noted the split of authority in *Gregory v. Coleman*, 218 F. Appx 266 (4th Cir. 2007), but does not appear to have taken a definitive stance to date.

6



Plaintiff's state court recourse for a claim that his sentence has been improperly executed or miscalculated is governed by the South Carolina Supreme Court's decision in *Al-Shabazz v. State*, 338 S.C. 354, 527 S.E.2d 742 (2000). In *Al-Shabazz*, the South Carolina Supreme Court held that an inmate's claim which does not challenge the underlying validity of a conviction or sentence must proceed through the process set out in the South Carolina Administrative Procedures Act ("SCAPA"), S.C. Code §§ 1-23-310 through 1-23-400, because, according to the *Al-Shabazz* opinion, requiring review through the SCAPA would provide an "orderly and consistent framework for resolving such matters ... [which] typically arise in two ways: ... (2) when an inmate believes prison officials have erroneously calculated his sentence[.]" *Al-Shabazz*, 338 S.C. at 369, 527 S.E.2d at 750. Thus, before Plaintiff may proceed with a federal habeas corpus petition in this court (assuming he had filed a habeas petition) challenging his continued custody and/or his alleged sentence max-out date miscalculation, Plaintiff must first have exhausted his state *administrative* remedies available through the SCDC grievance process, and then he must fully exhaust his state *court* remedies as provided through the SCAPA.

Plaintiff alleges that he filed a Step 1 grievance, on August 17, 2012, which was returned unprocessed because he had not properly submitted the grievance through TCI's Inmate Grievance Coordinator. *See* ECF No. 1-2, p. 2; ECF No. 1-3, p. 9. Plaintiff does not allege that he then re-filed the required Step 1 and 2 grievances, to fully exhaust his administrative remedies under 42 U.S.C. § 1997E. Additionally, because Plaintiff's sentence execution claim is a non-collateral and/or administrative matter, if Plaintiff is unsatisfied with SCDC's response, Plaintiff would then need to begin the process of exhaustion of his State *court* remedies by filing an appeal from the



SCDC administrative remedy process with the South Carolina Administrative Law Court ("SCALC"). *See Al-Shabazz,* 338 S.C. at 378-79, 527 S.E.2d at 755.[4]

It is clear from the face of Plaintiff's pleading that he did not exhaust his state administrative or state court remedies prior to filing this case. Thus, even if his pleading were to be construed as a first-time assertion of a § 2254 or § 2241 "manner of execution" habeas challenge to Plaintiff's sentence, this case must still be summarily dismissed because Plaintiff has not yet exhausted his state remedies. If considered as a habeas petition, the grounds for relief raised in this pleading have plainly not been considered and addressed by any administrative or court tribunals of the State of South Carolina, thus a habeas claim would have to be summarily dismissed.

---

[4] As noted above, South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, the inmate may seek review of an SCDC decision from the SCALC. *See Al-Shabazz*, 527 S.E.2d at 750; *see also Slezak v. S.C. Dep't of Corr.*, 361 S.C. 327, 605 S.E.2d 506, 507 (S.C. 2004). These issues include situations where an inmate is disciplined and punishment is imposed, or when an inmate believes that prison officials have erroneously calculated his sentence, sentence-related credits, or custody status. *Sullivan v. S.C. Dep't of Corr.*, 355 S.C. 437, 586 S.E.2d 124, 126 (S.C. 2003); *Al-Shabazz*, 527 S.E.2d at 750. Generally, a state prisoner's sentence calculation claim will fall within the category of administrative issues that the South Carolina Supreme Court has identified as properly being raised through the prison grievance process with appeal to the SCALC, rather than through a post-conviction relief ("PCR") application filed in circuit court. Here, Plaintiff raises such an administrative issue, as he asserts that Defendants have improperly calculated his sentence by failing to fully credit him with time served in pre-sentence incarceration and by changing his max-out date. Accordingly, Plaintiff's exhaustion of his state remedies begins with the administrative grievance procedure of SCDC and review by the SCALC as outlined in *Al-Shabazz*, with appeal to the state appellate courts. *Al-Shabazz*, 527 S.E.2d at 752-57 (discussing the application of the APA and the review process); Rule 203(b)(6), South Carolina Appellate Court Rules ("SCACR"); *see also* S.C. Code § 1-23-610(A)(1). This procedure, which applies for most § 2241 issues, is in contrast to habeas corpus issues that are appropriately raised under 28 U.S.C. § 2254, which will generally commence in circuit court pursuant to the PCR statutes with appeal pursuant to the corresponding appellate court rules. *See generally* S.C. Code §§ 17-27-10 *et seq.*; Rule 243, SCACR. Pursuant to the SCAPA and the SCACR, an inmate who is dissatisfied with the decision of the SCALC may seek judicial review from the South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court. S.C. Code § 1-23-610; Rule 242, SCACR



Insofar as Plaintiff seeks monetary damages from Defendants for his alleged unlawful imprisonment beyond his correct max-out date, it is clear that Plaintiff's claim is premature. The United States Supreme Court has held that, in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87.

The preclusive rule of *Heck* has been extended to § 1983 claims challenging procedural deficiencies which imply the invalidity of inmate disciplinary convictions. *Edwards v. Balisok*, 520 U.S. 641, 647 (1997) [prisoner cannot challenge prison procedures that deprived him of good-time credits seeking declaratory relief and money damages if the challenge would "necessarily imply the invalidity of the punishment imposed."]. *Heck's* applicability to actions challenging the validity of parole proceedings is also well established. *See, e.g., White v. Gittens*, 121 F.3d 803, 806 (1st Cir. 1997) ("A § 1983 suit like the present, contending that a state parole revocation was constitutionally invalid, challenges the 'fact or duration of [the plaintiff's] confinement'" and is barred by *Heck*); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (*Heck* "applies to proceedings that call into question the fact or duration of parole or probation."); *Miller v. Indiana Dep't of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) ("The reasoning of *Heck v. Humphrey* is that a prisoner should not be able to use a suit for damages to get around the procedures that have been established for challenging

9



the lawfulness of continued confinement. It is irrelevant whether the challenged confinement is pursuant to a judgment imposing a sentence or an administrative refusal to shorten the sentence by awarding good-time credits."); *McGrew v. Texas Bd. Of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) ("Because an action attacking the validity of parole proceedings calls into question the fact and duration of confinement, it must satisfy the *Heck* element"); *Schafer v. Moore*, 46 F.3d 43 (8th Cir. 1995).

The United States Court of Appeals for the Fourth Circuit, in an unpublished opinion, has agreed that *Heck* applies to § 1983 claims seeking damages for alleged constitutional violations involving parole proceedings. *See Husketh v. Sills*, 34 F. App'x 104, 2011 U.S. Dist. LEXIS 96265, 2002 WL 924288 (4th Cir. 2002) (the preclusive rule of *Heck* extends to parole decisions); *see also Gibbs v. South Carolina Dep't of Probation, Parole & Pardon Svcs.*, 1999 U.S. App. LEXIS 340, at *6-8 (4th Cir. 1999). Further, this District Court has previously held that *Heck* bars damages claims alleging the invalidity of prison disciplinary convictions and parole revocations if the plaintiff has not proven that the disciplinary conviction or parole revocation has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *See Curtis v. Ozmit*, C/A No. 3:10-3053-CMC-JRM , 2011 U.S. Dist. LEXIS 14236 at *14-16, (D.S.C. 2011); *Duncan v. Cook*, C/A No. 8:09-1186-MBS-BHH, 2010 U.S. Dist. LEXIS 13197 (D.S.C. 2010) adopted by, summary judgment denied by, summary judgment granted by, motion denied by, as moot 2010 U.S. Dist. LEXIS 13124 (D.S.C., 2010).[5]

---

[5] In a previous § 1983 claim filed in this Court, in *Cokley v. Mack, et al.*, C/A No. 9:12-881-RMG-BM (D.S.C.), Plaintiff sought monetary damages from Defendants Pugh, Waltas, Braidshaw, Byins, and Knowiling (and others not named in the instant case), alleging that Plaintiff was being



In *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court stated that, to the extent that administrative determinations "do not . . . raise any implication about the validity of the underlying conviction" and do not "affect the duration of time to be served," *Heck* is not implicated. However, where success in a prisoner's § 1983 damages action would implicitly question the validity of a conviction or the duration of a sentence, *Heck* continues to bar such a claim, unless and until the litigant first achieves a favorable termination of his available state or federal habeas opportunities to challenge the underlying conviction or sentence on which his § 1983 claim is based.[6] *Muhammad* also reconfirmed *Heck's* general rule, with respect to state prisoners seeking federal relief on complaints related to imprisonment, that: (1) challenges to the validity of any confinement or to particulars affecting its duration are the province of a habeas corpus petition under 28 USC § 2254; but (2) requests for relief turning on circumstances of confinement properly may be presented in a civil rights action under § 1983.

---

held unlawfully in TCI in violation of his federal and state due process rights. Plaintiff alleged that he had been notified on September 14, 2011 by the South Carolina Department of Probation, Parole and Pardon Services that he was to be granted parole on October 14, 2011, however, before Plaintiff was paroled he "had got[en] a[n] institution charge"and was not released on parole. Plaintiff's complaint in C/A No. 12-881 was summarily dismissed without prejudice and without issuance and service of process, pursuant to *Heck*, because Plaintiff did not allege that he had successfully challenged his disciplinary charge or his underlying conviction and because he had not exhausted his administrative remedies prior to filing his lawsuit in this Court. *See* C/A No. 12-881, ECF No. 15; *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949) (a district court may take judicial notice of materials in the court's own files from prior proceedings).

[6] The Supreme Court has not conclusively decided if a former inmate can file a § 1983 claim when his habeas avenue to federal court has been foreclosed. *See Muhammad*, 540 U.S. at 752 n. 2. In *Wilson*, the Fourth Circuit determined that a former prisoner's § 1983 monetary damages claim for past wrongful imprisonment, filed after the prisoner's sentence had expired, was cognizable and was not barred by *Heck's* favorable termination requirement, because the former prisoner could no longer bring a habeas corpus challenge to the lawfulness of his prior confinement. *See Wilson*, 535 F.3d at 268.



In the instant action, Plaintiff clearly alleges the invalidity of his current confinement, as Plaintiff seeks monetary damages for "every day I stay here unlawfully a[nd] being hold eleglly." ECF No. 1-2, p. 5. However, Plaintiff does not allege that the he has successfully challenged the unlawful duration of his current confinement. Therefore, in accordance with *Heck*, because Plaintiff's sentence has not been invalidated in a previous action, and because a decision in Plaintiff's favor in this § 1983 action would necessarily invalidate the same, Plaintiff's claim for damages is barred by *Heck*. Further it is apparent from the face of the Complaint that Plaintiff did not exhaust the SCDC administrative grievance process or his available state court remedies before filing this lawsuit, as is required of a prisoner filing a § 1983 claim or federal habeas claim.

## RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss the Complaint in this case without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____

January 4, 2013                                     Bristow Marchant
Charleston, South Carolina                   United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

