IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edmund D. Cokley, ) | Civil Action No.: 6:12-2261-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| State of South Carolina; South Carolina ) | |
| Department Corrections; Wanda Pugh; ) | |
| Moica Waltas; AW Linda J. Braidshaw; ) | |
| Turbeville Correctional Institutions; ) | |
| Katherine Thompson; Deloris Glymph; ) | |
| Turbeville Correctional Institution; Edgge ) | |
| Byines; and Wandon G. Knowiling, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Edmund D. Cokley ("Plaintiff") is a state prisoner at the Turbeville Correctional Institution in Turbeville, South Carolina. Plaintiff, proceeding *pro se* and *in forma pauperis,* filed a complaint on August 9, 2012, pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is seeking monetary damages and release from confinement.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act, as well as applicable case precedents. On January 4, 2013, the Magistrate Judge issued a Report and Recommendation ("Report") in which he recommended that Plaintiff's complaint be summarily dismissed. The Magistrate Judge determined that: (1) Plaintiff's claim for damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and (2) Plaintiff did not exhaust the South Carolina Department of Corrections' ("SCDC") administrative grievance process or his available state court remedies as required before filing a

§ 1983 claim. (ECF No. 18.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. Plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 18 at 13.) Plaintiff has filed no objections and the time for doing so has expired. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After careful review of the record, the applicable law, and the Report and Recommendation in this case, the Court finds the Magistrate Judge's recommendation to be proper. Accordingly the Report and Recommendation is incorporated herein by reference. It is therefore ORDERED that Plaintiff's complaint be DISMISSED without prejudice and without service of process.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
February 8, 2013